BANK OF COMMERCE, STILLWELL,
OKLAHOMA, Appellant,

v.

The BANKING BOARD of the State of
Oklahoma et al., Appellees.

No. 47162.

Supreme Court of Oklahoma.

April 22, 1975.

R. Forney Sandlin, Muskogee, for appellant.

Sam P. Daniel, Jr., Doerner, Stuart, Saunders, Daniel & Langenkamp, Tulsa, for appellees.

SIMMS, Justice:

An application for authority to organize a bank, to be known as The First State Bank of Adair County, in Stillwell, Oklahoma, was denied by the Banking Board of Oklahoma for the reasons that (1) the

public need and advantage will not be promoted by the establishment of the proposed bank, and (2) the conditions in the community in which the bank would transact business do not afford a reasonable promise of successful operation.

The written order promulgated by the Banking Board specified numerous findings of fact in support of conclusions (1) and (2) above stated.

Applicants for the new bank thereafter sought judicial review before Oklahoma's Court of Bank Review, which made findings contra to (1) and (2) above, and directed the Board to grant the application, conditioned on Applicant's meeting statutory and administrative requirements.

Protestants then sought certiorari before this Court, which was denied. On Rehearing, we Vacate Our Order Denying Certiorari, Grant Certiorari, Reverse the Order of the Court of Bank Review and Affirm the Order of the Banking Board which Denied authority to organize a new bank.

The scope and legal guidelines for judicial review of orders of the Banking Board either granting or denying an application for a bank charter, are well defined in this State. It was concisely held in Vose v. Banking Board, Okl., 483 P.2d 731, 733 (1971):

"The Court of Bank Review is not a substitute for the Banking Board in the issuance of certificates to engage in the banking business; it is a judicial reviewing body limited by statute to the 'substantial evidence' rule, which is defined in Yellow Transit Co. v. State, 198 Okl. 229, 178 P.2d 83 (1947)."

The rationale of *Vose, supra,* was reiterated in Village Bank v. Seikel, Okl., 503 P. 2d 550 (1972). While adhering to the general principles of *Vose* and *Seikel, supra*; in Brown v. Banking Board, Okl., 512 P.2d 166 (1973), this Court decreed that in determining whether there was "substantial evidence" to support the order of the Banking Board, the reviewing Court should consider the entire record and take into account evidence supporting the Board's view, and evidence contradictory to the view of the Banking Board.

Review by this Court of the order of the Court of Bank Review is a determination of whether the Court of Bank Review either misapprehended or grossly misapplied the "substantial evidence" rule in the Court of Bank Review's examination of the order made by the Board, in light of the evidence presented to the Board. See: Vose v. Banking Board, *supra*; and, Brown v. Banking Board, *supra*.

Having reiterated the correct standard for review, we must now determine whether the Court of Bank Review either misapprehended or grossly misapplied the "substantial evidence" rule.

In its order denying the application for the new bank at Stillwell, the Board following the mandate of Brown v. Banking Board, supra, made specific findings of fact which, inter alia, are as follows:

"5. That the appropriate trade area for a new bank in Stillwell, Oklahoma, would be an area in the Southern portion of Adair County bounded on the North by the Barron Fork River and on the South, East, and West County boundaries for the following reasons:

(a) The existing bank in Stillwell has been operating for many years and practically all its accounts within these boundaries.

(b) The Northern boundary is approximately half-way between Stillwell and Westville where another bank exists. The South boundary is approximately half-way between Stillwell and Sallisaw where other banks exist.

6. That there are 2858 households in the trade area.

7. That the public need and advantage will not be promoted by the establishment of the proposed bank for the following reasons:

That a marketing research study showed:

(a) That among the choice of several businesses that could be located in

Stillwell, the residents of Stillwell indicated no public feeling for the need for a new bank in Stillwell.

(b) That only 75% of the people in the Stillwell area patronize a bank. That 89% of the banking area residents presently patronize the existing bank in Stillwell.

(c) That 71.7% of the residents think that the existing bank is adequately serving the needs of the residents.

(d) That 67% of the area residents would recommend the use of the present bank.

(e) That 92.5% of the residents classify their experience with the existing bank as satisfactory, good, over-excellent.

(f) That only 31.% of the area residents would use a new bank, and of that number, only 71% of them would use it for a checking account, 53% of them would use it for a savings account, and 18% would use it for loan purposes.

\*   \*   \*   \*   \*   \*

(h) That 96% of the area businesses patronize the existing bank.

(i) That 88.5% of the area businesses have the attitude that the existing bank in Stillwell is adequately serving the banking needs of the residents and businesses in Stillwell.

(j) That 93% of the businesses classify their experience with the existing bank as satisfactory, good, or excellent.

(k) That only 33% of the area businesses would patronize a new bank, and only 70% of those that would patronize the new bank would do so with a checking account and 10% would use it for loan.

(l) That the evidence shows no appreciable growth trend in the population of the area and no appreciable business development in the service area.

8. That the conditions in the community in which the bank would transact business do not afford a reasonable promise of successful operation for the following reasons:

(a) That there are approximately 150 businesses within the trade area.

(b) That the medium family income in Adair County is $3997.00 and 37.2% of the families are below the government defined poverty level.

(c) That the retail sales have only increased 2.9% during the last year and this increase ranks 72nd among the 77 counties.

(d) Adair County has the highest percentage of persons in active public assistance cases in the state.

(e) That the loan ratio at the existing bank is 44% indicating a weak loan demand in the area.

(f) The unemployment rate is the highest in the State.

(g) The median personal checking account balance at the existing bank is only slightly more than $200.00 and the median business checking account account is less than $500.00."

An examination of the record supports the findings of the Board.

The evidence offered in opposition to the issuance of the new charter was to the effect that one family controlled both the existing bank in Stillwell as well as other lending institutions within the city. However, the record affirmatively indicates that the protestant bank is active in local civic affairs and in their support of youth and youth organizations.

Applicants for the new bank charter also attempted to prove the protestant bank was not serving community needs in that the protestant bank, on one occasion of short

**926**

duration, refused to cash payroll checks drawn on an out of town bank and on at least three occasions refused to make loans to customers of the bank.

A reasonable and acceptable explanation appears in the record as to the temporary refusal to cash the aforementioned payroll checks and the protestant bank's refusal on three specific instances to approve loans.

We conclude the substantial evidence in the record supports the Banking Board and that the Court of Bank Review grossly misapplied the "substantial evidence rule."

Applicant Bank argues the "Rules on Certiorari" govern certiorari to the Court of Bank Review and there can be no rehearing following an order of this Court denying certiorari to the Court of Bank Review.

We do not agree with Appellant's contention.

While Rule 3.16, Title 12, O.S.1971, Ch. 15, App. 3, provides there shall be no petition for rehearing filed in the Supreme Court if certiorari is denied to the Court of Appeals, we find no such rule governing certiorari to the Court of Bank Review. Additionally, Rule 3.16, supra, is contained within the "Rules on Practice and Procedure in the Court of Appeals and on Certiorari to that Court."

We are not unmindful of our order denying certiorari to the Court of Bank Review concerning the establishment of a new bank in Tahlequah, Oklahoma, a city geographically near Stillwell. The case at bar is clearly distinguishable from the case involving authorization of a new bank in Tahlequah, in that, among other things, Tahlequah is in the midst of rapid economic and population growth as opposed to Stillwell. Also, a school of higher education is situated in Tahlequah providing an expanding payroll for persons in and around the Tahlequah area, and the record in the Tahlequah Bank case reflects a recent influx of professional persons, such as doctors, lawyers, and dentists, to serve the rapidly increasing needs of the Tahlequah area.

On rehearing, order denying certiorari vacated.

Court of Bank Review reversed.

Order of the Banking Board affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, LAVENDER, BARNES and SIMMS, JJ., concur.

IRWIN, BERRY and DOOLIN, JJ., dissent.