Board of Trust Company Incorporation
No. 7321

RICHARD J. HANAWAY & *a.* v. STATE OF NEW HAMPSHIRE & *a.*

February 27, 1976

*Vincent P. Dunn,* by brief and orally, for the plaintiffs.

*Warren B. Rudman,* attorney general, and *John S. Kitchen,* assistant attorney general *(Mr. Kitchen* orally), for the State.

KENISON, C.J.   The plaintiffs appeal (RSA 384:1-a (Supp. 1975); RSA ch. 541) from the decision of the board of trust company incorporation denying their petition to form a trust company in Plymouth. The petition was filed on December 18, 1974, and was denied on July 31, 1975. Under RSA 392:8 I and II (Supp. 1975, Laws 1969, 408:1) the board must consider, among other factors, the capital structure and the earnings prospects of the proposed trust company. *See* 12 U.S.C.A. §§ 1814, 1816 (1969); 12 C.F.R. § 4.2 (b) (1975). In the present case the board found that the proposed capital was inadequate and "that the economic conditions at the present time would limit the profitability of the proposal." The plaintiffs challenge the sufficiency of the evidence to support these findings.

The petition and the report of the banking department examiner contain much information about the economy of the Plymouth area. There was evidence from which the board could find that approximately 14,000 persons resided in the trade area; that there had been little economic growth in the area recently; and that several financial institutions already served the area. The board could reasonably interpret this information to indicate that the proposed bank would have uncertain earnings prospects. Under the statute the board could reasonably require greater capital

where doubt existed regarding the profitability of the proposed trust company. Under RSA 541:13 the board's order must be sustained unless the clear preponderance of the evidence establishes that it is unjust or unreasonable. *Hampton Nat'l Bank v. State*, 114 N.H. 38, 314 A.2d 668 (1974); *Sugar River Sav. Bank v. State*, 115 N.H. 145, 335 A.2d 663 (1975). Applying this standard, there is sufficient evidence in the record to support the board's decision. *See Jackson v. Valley Nat'l Bank*, 277 Minn. 293, 152 N.W.2d 472 (1967); *Bank of Commerce v. Banking Bd.*, 534 P.2d 923 (Okla. 1975); *German v. Banking Bd.*, 534 P.2d 353 (Colo. App. 1975); 1 Michie, Banks and Banking ch. 1, § 6 (rev. ed. 1973, Supp. 1975).

Although we sustain the board's decision in denying the plaintiffs' petition on the record before us, we note for future reference that there was evidence that the plaintiffs' petition had some merit. The banking department examiner who investigated the petition recommended that it be granted. The bank commissioner, whose particular expertise was recognized in *Hampton National Bank,* abstained from voting on the petition. 114 N.H. 38, 41, 314 A.2d 668, 671. Further the plaintiffs can argue that the granting of the charter may promote competition and that government regulation and deposit insurance programs minimize the risks which previously were involved in the establishment of a new bank. *See* Scott, *In Quest of Reason: The Licensing Decisions of the Federal Banking Agencies,* 42 U. Chi. L. Rev. 235, 283-87 (1975); *cf.* Murphy, *What Reason for the Quest?: A Response to Professor Scott,* 42 U. Chi. L. Rev. 299 (1975). These matters and any evidence of improvement in the economy may be raised again if the plaintiffs renew their petition "after one year from the date of the decision" which was July 31, 1975. RSA 392:8 (Supp. 1975).

*Appeal dismissed.*

All concurred.