Department of Public Works and Highways
No. 7391

### ROLAND L. DAVID D.B.A. DAVID'S FISH MARKET

v.

### ROBERT H. WHITAKER, COMMISSIONER, N.H. DEPARTMENT OF PUBLIC WORKS AND HIGHWAYS

April 30, 1976

*Alfred Catalfo, Jr.,* and *Daniel M. Cappiello (Mr. Cappiello* orally) for the plaintiff.

*David H. Souter,* attorney general, and *John C. Boeckeler,* assistant attorney general *(Mr. Boeckeler* orally), for the State.

KENISON, C.J.   Appeal under RSA ch. 541 from a decision of the associate commissioner of the department of public works and highways finding that the plaintiff's van-type truck constitutes an "advertising device" within the meaning of RSA 249-A:2 I (Supp. 1975), and requiring the plaintiff to remove the truck from an area adjacent to the Spaulding Turnpike. The removal order was entered pursuant to RSA 249-A:9 (Supp. 1975), following a hearing before the associate commissioner. The plaintiff seasonably moved for a rehearing, which was denied. He then filed this appeal in accordance with RSA 541:6.

Plaintiff's van-type trucks are parked approximately 25 feet from the Spaulding Turnpike right-of-way and are clearly visible from the main traveled way of the turnpike. The business activity is advertised on each side of the trucks in large letters and the trucks are parked on leased land. The business activity which the trucks advertise is located on Route 125 in Rochester some distance from the premises upon which the trucks are located. The Spaulding Turnpike is part of the State's "turnpike system". RSA 249-A:2 XIII (Supp. 1975).

The administrative decision by the associate commissioner of the department of public works and highways acting for the commissioner (RSA 229:2 (Supp. 1975)) is as follows:

"After careful consideration of the evidence presented at the hearing on October 3, 1975, I find that the van-type truck which advertises the Fish Market Lobster Pool in Rochester, New Hampshire, is an 'advertising device' as defined by RSA 249-A. It is uncontroverted that the advertising on the truck is visible from the main traveled way of the Spaulding Turnpike. Although the visibility of the advertising is limited to some extent, there is no question but that it can be seen from the turnpike and does, in fact, attract the attention of motorists. No State permit authorizing the maintenance of the advertising device adjacent to the Spaulding Turnpike has been issued. The said advertising device is a nuisance within the meaning of RSA 249-A:9.

"It is, therefore, ordered that Mr. Roland L. David, the owner of the device, remove the said advertising device from the turnpike adjacent area of the Spaulding Turnpike. RSA 249-A:2, XIV."

We begin with the definition of "advertising device" which appears in RSA 249-A:2 I (Supp. 1975) which reads as follows:

"The words 'advertising device' shall include any billboard, outdoor sign, notice, poster, display figure, painting, message, placard or *any other device which is designed or intended to attract or which does attract the attention of operators of motor vehicles* on the interstate system, federal aid primary system, and turnpike system and shall include a structure erected or used in connection with the display of any such device and all lighting or other attachments used in conjunction therewith."

New Hampshire incorporates the policy of the Highway Beautification Act of 1958, 23 U.S.C. § 131, into its Outdoor Advertising Law. RSA 249-A:1 (Supp. 1975). Although the Spaulding Turnpike is not in the federal aid system, the legislature applied the provisions of the Outdoor Advertising Law to the Spaulding Turnpike involved in this case. RSA 249-A:2 XIII, XV (Supp. 1975).

Under the Federal Act the term "advertising device" has been given a comprehensive and broad meaning as appears from the Code of Federal Regulations:

"Sign, display or device, hereinafter referred to as 'sign', means an outdoor advertising sign, light, display, device, figure, painting, drawing, message, placard, poster, billboard, or *other thing* which is designed, intended or used to advertise or inform, any part of the advertising or informative contents of which is visible from any place on the main traveled way of the Interstate or Primary Systems, *whether the same be permanent or portable installation.*" 23 C.F.R. § 750.703 (1975) (emphasis added).

We have examined the record and exhibits in this case and conclude that the administrative decision is supported by considerable credible evidence and the plaintiff has not sustained his bur-

den of overcoming this evidence within the meaning of RSA 541:13. *Plymouth Fire District v. Water Pollution Comm'n,* 103 N.H. 169, 173-74, 167 A.2d 677, 679-80 (1961); *Waste Control Systems, Inc. v. State,* 114 N.H. 21, 23-24, 314 A.2d 659, 661 (1974).

Inasmuch as our Outdoor Advertising Law (RSA ch. 249-A (Supp. 1975)) adopts and follows the philosophy and policy of the Highway Beautification Act of 1958 (23 U.S.C. § 131) it is entitled to a broad interpretation to accomplish its purposes for making the highway safe and devoid of distracting devices. *Opinion of the Justices,* 103 N.H. 268, 169 A.2d 762 (1961); Cunningham, *Billboard Control Under the Highway Beautification Act of 1965,* 71 Mich. L. Rev. 1296 (1973). We find no error of law in the ruling made by the associate commissioner of the New Hampshire Department of Public Works and Highways. Accordingly the order is

*Appeal dismissed.*

All concurred.