Department of Public Works and Highways
No. 82-278

APPEAL OF NATIONAL ADVERTISING COMPANY
(New Hampshire Department of Public Works and Highways)

December 27, 1982

*Richard A. Hampe*, of Concord, by brief and orally, for the National Advertising Company.

*Gregory H. Smith*, attorney general (*Martin R. Jenkins*, assistant attorney general, on the brief and orally), for the State.

BOIS, J. The National Advertising Company brings this appeal, pursuant to RSA 541:6, from the denial by the commissioner of public works and highways of its application for a permit to erect an outdoor advertising sign. We affirm.

The proposed site for the advertising structure in question was on the easterly side of Interstate Highway 93 (I-93) and Federal and Primary Route 101 (Route 101), between Candia Road and Hanover Street in Manchester (*see* substantially reproduced exhibit *infra*). The traffic pattern and flow at the location is as follows: At the most southerly point on the attached exhibit, the main highway is a limited-access divided highway designated as both I-93 and Route 101 (I-93/Route 101). A north/eastbound off-ramp from I-93/Route 101 intersects with Candia Road. At this intersection, a traffic light controls the flow of vehicles to the east or west on Candia Road, and north to Hanover Street along a one-way controlled access connector road built and maintained by the State. Traffic on Candia Road may turn onto the connector road, which is crossed by a railroad track prior to its intersection with Hanover Street. At Hanover Street, another signal light controls the flow of traffic. Vehicles may travel either east or west on Hanover Street, or north upon an on-ramp which permits access only to Route 101 eastbound. Traffic on Hanover Street may also proceed onto the eastbound Route 101 on-ramp.

A similar road configuration exists on the westerly side of I-93, except that the off-ramp is from I-93 southbound only, and the on-ramp (at the southerly end of the exhibit) is to I-93 southbound and Route 101 westbound.

A hearing on the National Advertising Company's application for a sign permit was held before the Associate Commissioner of Public Works and Highways. He found "that the two ramps, and [the] one-way connecting roadway between them on the easterly side constitute . . . [one] interchange that consists of both an exit from and entrance to . . . Route 101." As a consequence, he concluded that

the location sought by the company failed to meet the requirement under RSA 236:74, IV(c) that sites for outdoor advertising signs be at least 500 feet from an interchange. He denied the permit, and the company appeals his decision on the ground that it was unjust and unreasonable.

The company contends that the commissioner ruled erroneously that the roadway in question constituted only *one* interchange. It claims that the roadway in fact contained *two* interchanges; the first consisting of the north/eastbound off-ramp, which ends at the Candia Road intersection, and the second consisting of the eastbound on-ramp to Route 101, which begins at the Hanover Street intersection. The company argues that as two interchanges, the roadway satisfied the distance requirements of RSA 236:74, IV(c) and that the commissioner therefore should have issued it a sign permit.

■■ Both parties agree that a commissioner's decision is *prima facie* lawful and can be set aside only if this court is satisfied by a clear preponderance of the evidence that the commissioner's findings are clearly unreasonable or unlawful. RSA 541:13; *see State Farm Mut. Auto. Ins. v. Whaland*, 121 N.H. 400, 403, 430 A.2d 174, 177 (1981); *see also Appeal of Concord Natural Gas Corp.*, 121 N.H. 685, 692, 433 A.2d 1291, 1296 (1981). We have often held that we will recognize the appropriate expertise of an administrative official and will be reluctant to substitute our judgment for that of the agency. *Insurance Serv. Office v. Whaland*, 117 N.H. 712, 717, 378 A.2d 743, 746 (1977); *see Appeal of Peirce*, 122 N.H. 762, 765, 451 A.2d 363, 365 (1982).

■ Moreover, in *David v. Whitaker*, 116 N.H. 266, 358 A.2d 404 (1976), we held that the precursor to our current outdoor advertising law, RSA 236:69 to :89, was "entitled to a broad interpretation to accomplish its purposes for making the highway safe and devoid of distracting devices." 116 N.H. at 269, 358 A.2d at 406. Thus, it is clear that the commissioner of public works and highways has a great amount of discretion in determining the placement of new highway advertising signs.

■ In reviewing the transcript of the hearing, the exhibits and supplemental materials furnished to the associate commissioner, we conclude that the decision to deny the sign permit because the roadway constituted only one interchange was not clearly unreasonable or unlawful.

*Affirmed.*

All concurred.