Board of Trust Company Incorporation
No. 82-242

APPEAL OF KINGSWOOD TRUST & SAVINGS BANK
(New Hampshire Board of Trust Company Incorporation)

January 18, 1983

*Orr & Reno P.A.*, of Concord (*Charles F. Leahy* and *David W. Marshall* on the brief, and *Mr. Marshall* orally), for Kingswood Trust & Savings Bank.

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Peter Guenther* and *Richard A. Samuels* on the brief, and *Mr. Guenther* orally), for Charles L. Abbe & a.

BATCHELDER, J.   This is an appeal pursuant to RSA 541:6 of a decision by the Board of Trust Company Incorporation (board) approving an application to establish a guaranty savings bank in Wolfeboro. The Kingswood Trust and Savings Bank (Kingswood) and another bank, Wolfeboro National Bank, opposed the application by Charles L. Abbe and nineteen other incorporators (Abbe). Kingswood brought this appeal after its motion for rehearing was denied by the board. We affirm.

On January 15, 1979, twenty incorporators applied to the New Hampshire Banking Department for authority to establish a new guaranty savings bank in Wolfeboro, in accordance with RSA chapter 386-A. The proposed bank, The Wolfeboro Savings Bank, is to be operated as a wholly-owned subsidiary of BankEast Corporation (BankEast), a registered bank holding company with its principal place of business in Manchester, New Hampshire.

Written notice of the application was given pursuant to RSA 386-A:4 (Supp. 1979) to the two existing Wolfeboro banks: Kingswood and Wolfeboro National Bank. Both banks objected to the application and requested a public hearing. Because BankEast, the holding company of the proposed bank, did not expeditiously pursue the application, a public hearing was not held until September 1981. Prior to the hearing, the bank examiner completed his investigation of the Abbe application as required by RSA 386-A:4 (Supp. 1979), and his report was filed on August 12, 1981.

In the bank investigation report, the bank examiner, Wallace Rhodes, found that the applicants met all the criteria for approval of

a savings bank application set forth in RSA 386-A:6 (Supp. 1979), and he recommended that the application be approved. At the board's public hearing on September 29, 1981, the applicants presented testimony of John Snow, Executive Vice-President of BankEast, to support the application. However, the presidents of Kingswood and Wolfeboro National Bank, Robert Fournier and Bradford Gile, respectively, testified in opposition to the application.

On the basis of this testimony and its own investigation, the board approved the application to establish the Wolfeboro Savings Bank. The board issued its decision along with a detailed report of findings on February 26, 1982. The board required initial capitalization of $1,000,000, which was higher than the capitalization proposed by the applicants.

Kingswood filed a motion for rehearing pursuant to RSA 541:3 on March 17, 1982, in which it requested a rehearing and reconsideration of the board's decision. Although the board initially voted to consider the Kingswood motion for rehearing and suspended its February approval, no subsequent hearing was ever held. Instead, on May 7, 1982, the board issued a detailed report addressing matters raised in the Kingswood motion and denied the motion for rehearing. Kingswood appealed to this court.

█ RSA 541:13 sets forth the burden of proof that Kingswood must meet in order to prevail on appeal. It provides:

"[T]he burden of proof shall be upon the party seeking to set aside any order or decision of the [board] to show that the same is clearly unreasonable or unlawful, and all findings of the [board] upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable . . . ."

In *Appeal of the Incorporators of the Manchester Savings Bank*, 120 N.H. 129, 133, 412 A.2d 421, 423 (1980), we stated that "[e]xcept for errors of law, this court will not set aside or vacate a decision of the board unless the party seeking to set it aside demonstrates by a clear preponderance of the evidence that the [decision] is unjust or unreasonable." *See also LUCC v. Public Serv. Co. of N.H.*, 119 N.H. 332, 340, 402 A.2d 626, 632 (1979); *Bedford Bank v. State*, 116 N.H. 649, 651, 365 A.2d 734, 736 (1976).

The board cannot approve any application for permission to do business as a savings bank unless it has determined that the applicant meets the following five criteria:

"I. The bank will serve a useful purpose in the community in which it is proposed to be established;

II. There is a reasonable expectation of its financial success;

III. Its operation will not cause undue injury to existing institutions that accept funds from savers on deposits or share accounts;

IV. The applicants are persons of good character and responsibility; and

V. There is reasonable prospect of raising such amount of initial capital funds as the board may determine to be reasonably necessary, but not less than the requirements provided in RSA 386-A:21."

RSA 386-A:6 (Supp. 1979).

Kingswood contends that the board's findings as to the criteria set forth in paragraphs I, II, III, and V were unreasonable or unlawful.

First, Kingswood challenges the reasonableness or lawfulness of the board's finding that the proposed bank will serve a useful purpose. RSA 386-A:6, I (Supp. 1979). The record, however, does provide support for the board's finding. The bank examiner's report, relied upon by the board, stated that thirty-one percent of Wolfeboro residents' savings deposits were placed outside the community, and thus there would be reason to believe that the new bank might reduce this percentage. The bank examiner also found that there was a need for new capital in the market area of the proposed bank. Furthermore, the board also stated that the entry of a new bank might promote competition, resulting in additional conveniences being offered to the banking public.

Second, Kingswood questions the board's finding that the proposed guaranty savings bank had a "reasonable expectation of financial success." *See* RSA 386-A:6, II (Supp. 1979). In support of its contention that the board should not have made this finding, Kingswood cites the fact that the board required an increase in the capitalization from the amount stated in the original application. The bank examiner's report, although questioning the efficacy of the proposed capitalization, nevertheless cited a number of factors indicating that the proposed bank would have a reasonable expectation of financial success. These factors included, *inter alia*, that the Wolfeboro and southern Carroll County region is considered to be one of the faster growing regions in New Hampshire, and that the proposed bank, as a new thrift institution, has the "enviable opportunity to price money at current market rates. . . ."

The third and major contention of Kingswood is that the board's finding that the proposed bank "will not cause undue injury

to existing [savings] institutions" is unlawful or unreasonable. *See* RSA 386-A:6, III (Supp. 1979). In support of this argument, Kingswood cites the testimony of both its own president, Mr. Fournier, and the president of the Wolfeboro National Bank, Mr. Gile. The bank examiner, in his report, however, concluded that no undue injury would result. In this regard, we have held that in order to justify a negative finding under RSA 386-A:6, III (Supp. 1979), there must be evidence before the board that suggests that the new bank will jeopardize the ultimate security of funds deposited by customers of existing banks. *Appeal of Incorp's of Manchester Sav's Bank*, 120 N.H. at 137, 412 A.2d at 426. The record fails to disclose any such evidence.

Finally, Kingswood asserts that the board's finding that the applicant had a reasonable prospect of raising the necessary amount of capital funds was unreasonable or unlawful. *See* RSA 386-A:6, V (Supp. 1979). The basis for this argument is mere speculation by Kingswood that the Federal Reserve Board will not approve the exchange of capital for stock between BankEast and the proposed Wolfeboro Savings Bank.

This court does not sit as a trier of fact in RSA chapter 541 appeals. *LUCC v. Public Serv. Co. of N.H.*, 119 N.H. at 354, 402 A.2d at 641. As we have stated before, we are reluctant to substitute our judgment for the expertise of administrative officials. *Appeal of National Advertising Company*, 122 N.H. 1058, 1060, 454 A.2d 446, 447 (1982); *Insurance Serv. Office v. Whaland*, 117 N.H. 712, 717, 378 A.2d 743, 746 (1977). The factual findings of the board in regard to RSA 386-A:6 (Supp. 1979) have a basis in the record, which included the bank examiner's report. We do not find that the board's decision was unreasonable or unlawful by a clear preponderance of the evidence.

*Affirmed.*

KING, C.J., and BOIS, J., did not sit; the others concurred.