Public Employee Labor Relations Board
No. 81-339

## APPEAL OF CITY OF CONCORD
### (Public Employee Labor Relations Board)

April 29, 1983

*Paul F. Cavanaugh,* city solicitor, of Concord, by brief and orally, for the City of Concord.

*Cleveland, Waters & Bass,* of Concord (*Howard J. Zibel* on the brief and orally), for Local No. 1045, International Association of Firefighters.

BATCHELDER, J. The City of Concord (city) brings this appeal pursuant to RSA chapter 541, challenging a decision of the Public Employee Labor Relations Board (PELRB) which approved the inclusion of battalion chiefs in bargaining Unit B of Local No. 1045 of the International Association of Firefighters. We affirm.

Local No. 1045 of the Concord Fire Department is comprised of two bargaining units: Unit A, representing rank-and-file personnel, and Unit B, representing supervisory personnel. The division of the union local into two separate bargaining units is necessary because,

although public employees having supervisory authority may be represented by a union, they may not belong to the same bargaining unit as those employees over whom they exercise such authority. RSA 273-A:8, II; *see City of Concord v. PELRB*, 119 N.H. 725, 726, 407 A.2d 363, 363–64 (1979).

In November 1980, Local No. 1045 petitioned the PELRB for a modification of the membership of Unit B so as to include the three new battalion chiefs whose position had been created as a result of a recent fire department reorganization. The reorganization had eliminated the post of deputy chief, and the battalion chiefs were the same personnel who, prior to the reorganization, had been deputy chiefs. The position of the assistant fire chief, who aids the chief of the department in certain administrative duties, was also created at this time. Formerly, deputy chiefs, by choice, had not been part of either bargaining unit of Local No. 1045; however, after the reorganization, the battalion chiefs requested union representation.

The city opposed the proposed membership of battalion chiefs within Unit B, contending that battalion chiefs exercise such supervisory authority over the other personnel within that unit that their inclusion in Unit B would violate RSA 273-A:8, II. After a hearing, the PELRB on May 1, 1981, issued a unanimous decision approving the union's petition to include battalion chiefs within bargaining Unit B. The city's request for a rehearing was denied, and it brought this appeal.

The PELRB is vested with authority to define and interpret the terms and provisions of RSA chapter 273-A in the first instance. *Appeal of State Employees Ass'n*, 120 N.H. 690, 694, 422 A.2d 1301, 1304 (1980). Implicit in this authority is the PELRB's discretion to delineate which employees are "supervisory." *N.H. Dept. of Rev. Administration v. Public Emp. Lab. Rel. Bd.*, 117 N.H. 976, 978, 380 A.2d 1085, 1086 (1977). The PELRB's determinations on these matters, although subject to our review, are deemed *prima facie* lawful and reasonable. *State Employees' Ass'n v. Cheney*, 119 N.H. 822, 826, 409 A.2d 775, 777 (1979). As we have stated before, the party seeking to set aside an administrative agency's decision by appeal pursuant to RSA chapter 541 must show that such decision is clearly unlawful or unjust or unreasonable. *Appeal of Kingswood Trust & Sav. Bank*, 123 N.H. 7, 10, 455 A.2d 1027, 1029 (1983).

The record before the PELRB shows that the reorganization resulted in the creation of a new management level position of assistant chief, which is now vested with duties formerly performed by the deputy chiefs. The record also indicates that the authority of the present battalion chiefs is less managerial in nature than that of

the former deputy chiefs, and is similar to that of a platoon leader. As presently constituted after the reorganization, the duties of a battalion chief do not entail the exercise of a significant amount of discretion.

■  Based on this record, we cannot say that the PELRB rendered a decision that was clearly contrary to law, or was unjust or unreasonable, when it approved the inclusion of battalion chiefs in bargaining Unit B. RSA 273-A:8, II provides that "[p]ersons exercising authority involving the *significant* exercise of discretion may not belong to the same bargaining unit as the employees they supervise." (Emphasis added.) Because the record does not indicate that the battalion chiefs exercise supervisory authority entailing significant discretion, we affirm the PELRB's decision.

*Affirmed.*

All concurred.