284

Personnel Commission
No. 82-217

APPEAL OF DEPARTMENT OF SAFETY,
DIVISION OF STATE POLICE
(New Hampshire Personnel Commission)

May 6, 1983

*Gregory H. Smith*, attorney general (*Betsy S. Westgate*, assistant attorney general, on the brief and orally), for the State.

*Sulloway, Hollis & Soden*, of Concord (*Stephen M. Duprey* and *James E. Owers* on the brief, and *Mr. Duprey* orally), for Jay F. DeWolfe.

BATCHELDER, J.   In this appeal pursuant to RSA chapter 541, the

New Hampshire Department of Safety, Division of State Police (the department) challenges a ruling by the New Hampshire Personnel Commission (commission) reinstating a State police employee. The employee had tendered his resignation to the department, but later sought to withdraw it. When the department refused to allow the withdrawal, the employee appealed to the commission seeking reinstatement and other relief. The commission granted the employee's request and reinstated him. The department asserts that the commission was without jurisdiction to reinstate the employee because there was no dismissal, demotion, or suspension warranting employee appellate rights, as required by RSA 98:15. For the reasons set forth below, we hold that the manner in which the employee was separated from his employment with the State was tantamount to dismissal, and we affirm the commission's decision.

■■ In an appeal pursuant to RSA chapter 541, the party seeking to set aside an administrative agency's decision must show that the decision was unlawful, unjust, or unreasonable. RSA 541:13; *see Appeal of Kingswood Trust & Savings Bank*, 123 N.H. 7, 10, 455 A.2d 1027, 1029 (1983). The commission's orders come to us with a presumption of lawfulness and reasonableness. RSA 541:13; *see Legislative Utility Consumers' Council v. Public Utilities Comm'n*, 118 N.H. 93, 99, 383 A.2d 89, 92 (1978).

The commission found, *inter alia*, that the employee's frame of mind at the time he prepared and submitted his resignation was such that the resignation could not be considered the product of a rational act, and that the resignation was not submitted with full knowledge of its consequences. Based on these findings, the commission ordered the employee to be reinstated and to be considered as having been on sick leave since the date of the voided resignation. The commission also ordered the department to formulate a rehabilitation program for the employee.

The facts supporting the commission's determination that the department's actions were the functional equivalent of dismissal may be briefly stated. On December 24, 1981, after working a fifteen-hour shift the previous day and without adequate sleep, the employee removed, without purchasing, two automobile tires from a store in Bedford. A security officer observed the employee's actions and questioned him, at which time the employee "broke-down." An investigation by the Bedford police ensued, and the employee's superior officer, State Police Captain Loomis, was called to the scene. However, no criminal complaint resulted from this incident.

The employee's resignation occurred on December 28, 1981, four days after the incident at the store, and after the employee met with

the State Police Director, Colonel Knowlton, and asked to be placed on sick leave. The request was summarily denied. Colonel Knowlton told the employee that he could either resign or be fired. The colonel emphasized that he wanted the matter cleared up at once and that resignation or termination were the only choices. As a consequence of this exchange, the employee submitted a one-sentence letter of resignation dated December 28, 1981.

On January 8, 1982, the employee made a request to withdraw his resignation. In the request, he advised the new Director of State Police, Colonel Paul O'Leary, that preliminary psychological assessments indicated that the incident leading to his resignation was caused by work-related stress and depression. This request was denied by letter dated January 26, 1982, which contained the statement that "[i]f there are extenuating circumstances that caused you to resign, you may appeal this decision to the Personnel Commission."

Captain Loomis, the employee's superior officer, testified at the hearing before the commission that, in his belief, the employee in question did not intend "to take anything" and that the employee's actions within the store were clearly not his own. The commission also had before it testimony from a clinical psychologist that at the time of the incident in the store the employee had been suffering from a mild psychological disorder because of work-related stress. The commission, therefore, found that the employee did not intend to steal when he was in the Bedford store.

■■ In view of the foregoing, we hold that the department's actions in regard to this employee were tantamount to a dismissal and that the commission, therefore, had jurisdiction. *Cf. Bass v. Spitz*, 510 F. Supp. 182, 185 (E.D. Mich. 1981) (unfair to deprive employee of right to withdraw resignation submitted under duress). The department has not shown either that the commission's order to reinstate the employee and to provide him a rehabilitative program was unlawful or, by a clear preponderance of the evidence, that it was unjust or unreasonable.

*Affirmed.*

DOUGLAS, J., did not sit; the others concurred.