Strafford County Personnel Committee
No. 83-367

## APPEAL OF STRAFFORD COUNTY COMMISSIONERS
### (Strafford County Personnel Committee)

July 27, 1984

*Gallagher, Callahan & Gartrell P.A.*, of Concord (*Edward E. Shumaker, III*, on the brief and orally), for the Strafford County Commissioners.

*Burns, Bryant, Hinchey, Cox & Shea P.A.*, of Dover (*Anthony A. McManus* and *Christopher T. Regan* on the brief, and *Mr. McManus* orally), for Mary Louise Horn.

### MEMORANDUM OPINION

This case is an appeal pursuant to RSA chapter 541 from rulings of the Strafford County Personnel Committee (personnel committee), an administrative body created by RSA 28:10-a (Supp. 1983). RSA 28:10-a (Supp. 1983) empowers the personnel committee (three designated members of the County Delegation to the House of Representatives) to hear appeals regarding certain discharges from county employment. The statute sets forth both the substantive grounds for discharge and the personnel committee's powers. It also designates the personnel committee as a "commission" within the meaning of RSA 541:1 and authorizes appeals from its rulings to this court pursuant to RSA chapter 541.

On November 9, 1981, Mary Louise Horn began performing the duties of administrator of Riverside Rest Home, the Strafford County nursing home. On May 20, 1983, Ms. Horn was fired by the county commissioners for insubordination and lack of cooperation.

On May 27, 1983, Ms. Horn requested a hearing pursuant to RSA 28:10-a (Supp. 1983), and on July 15, 1983, an evidentiary hearing was held before the personnel committee. By its ruling dated July 21, 1983, the personnel committee found that Ms. Horn was discharged "without good cause" and directed her reinstatement with back pay. It also directed that she be awarded reasonable attorney's fees incurred as a result of the hearing.

The county commissioners filed a timely motion for rehearing that included a motion to dismiss for lack of jurisdiction. The basis for the motion to dismiss was that Ms. Horn had never been legally

appointed administrator under RSA 28:11 (Supp. 1983), and therefore had no appeal rights under RSA 28:10-a (Supp. 1983).

The personnel committee issued a brief order denying the motions to dismiss and for rehearing, and this appeal was timely filed. After this court accepted the appeal, the county commissioners moved to suspend the personnel committee's ruling pending the appeal. The court denied the motion with respect to the reinstatement of Ms. Horn, but stayed the award of back pay and attorney's fees.

■ Mary Louise Horn worked as a *de facto* administrator for a year and a half prior to her firing. *See Attorney General (ex rel. Libbey) v. Megin,* 63 N.H. 378, 379 (1885). Moreover, the record indicates that not only did the county commissioners acquiesce in her employment as administrator for that period of time, but also they officially funded her position for the years 1982 and 1983. In any event, regardless of whether she was hired pursuant to RSA 28:11 (Supp. 1983), she clearly was an "employee of a county institution" within the meaning of RSA 28:10-a (Supp. 1983), thus permitting her the relief afforded under that provision.

■ Under the standard of review prescribed by RSA 541:13, we cannot find, based on our review of the record, that the personnel committee's decision was unjust, unlawful or unreasonable. *See Appeal of Dep't of Safety,* 123 N.H. 284, 285, 461 A.2d 98, 99 (1983). The stay of the award of back pay and attorney's fees is vacated.

*Affirmed.*