Public Employees Labor Relations Board
No. 79-121

## THE STATE EMPLOYEES' ASSOCIATION OF NEW HAMPSHIRE, INC.

v.

## ELIZABETH W. CHENEY AND PUBLIC EMPLOYEE LABOR RELATIONS BOARD

November 14, 1979

*Cleveland, Waters & Bass,* of Concord (*Robert T. Clark* orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Bradford E. Cook* orally), for the New Hampshire Public Employee Labor Relations Board.

*Morgan, Brown, Kearns & Joy*, of Boston, Massachusetts (*Nicholas DiGiovanni, Jr.* orally), for the intervenor University System of New Hampshire.

BOIS, J. This is an appeal under RSA ch. 541 by the State Employees' Association of New Hampshire, Inc. (SEA), from rulings of the Public Employee Labor Relations Board of the State of New Hampshire (PELRB). The two issues raised are whether the PELRB's determination that the University System of New Hampshire has an annual budget submission date of September 21, and its scheduling of a decertification election for June 12, 1979, were contrary to the express provisions of RSA ch. 273-A. We affirm the PELRB's decision.

SEA was the exclusive representative of operating staff employees at Plymouth State College of the University System of New Hampshire (PSC) under a certificate issued by PELRB dated June 26, 1976. This certificate was issued under the provisions of Laws of 1975, 490:3 which certified, without an election, bargaining representatives for units with binding agreements in existence on December 21, 1975.

On April 18, 1979, Elizabeth W. Cheney, an operating staff employee of PSC, attempted to contact the PELRB to inquire when a petition for decertification could be filed. On April 25, 1979, the clerk of the board advised her that based on a budget submission date of

September 21, the deadline for filing was April 25. The defendant Cheney sent a letter to the PELRB dated April 25, which the PELRB received on April 26, requesting an extension of time. On May 2 the extension was granted.

On May 8, 1979, Cheney, on behalf of herself and forty-eight other employees of the unit, filed a petition for a decertification election. SEA timely moved to dismiss alleging that the petition was untimely filed and additionally that it would be impossible to hold an election within the required statutory period prior to the University System's budget submission date, which the SEA alleged to be on or about June 1 of each year. RSA 273-A:1 III (Supp. 1977). The University System has intervened because of its interest in the determination of its budget submission date.

A hearing was held on May 22, 1979, and the PELRB by its decision and order dated May 24, 1979, reaffirmed its prior extension of time for filing a decertification petition based on actions found to have been the fault of neither party but due to a lack of communication. *See* N.H. RULES & REGULATIONS PELRB, 1.2, 1.4.

On May 24, 1979, the PELRB found and ruled that:

> The law concerning budget submission dates is contained in RSA 273-A:1 III and IV, the latter section indicating that "each public employer shall record its budget submission date with the Board." This section is read by the Board to indicate that the employer establishes the budget submission date in the first instance, if that date is not established elsewhere by statute. The only budget submission date filed with the Public Employee Labor Relations Board by the University System of New Hampshire is September 21. Indeed, in the context submitted, it was submitted as September 21, 1978 and there has been extensive testimony that there is only a budget submission on that date every two years. Nevertheless, the Board finds that as further set forth in RSA 273-A:3 II and RSA 273-A:11 I(b) and RSA 273-A:12, it is obvious that the date for budget submission serves many more purposes in the law than just the date for actual submission of a budget. That date is a key date to which many filing dates and time periods are keyed and, although the University System indicates that it submits a budget only every two years on that date, it would be absurd in the context of the labor relations scheme established by RSA

273-A to indicate that the University System of New Hampshire had only one budget submission date every two years. The Board, therefore, finds for the purposes of time periods under the statute, that the budget submission date of the University System of New Hampshire including Plymouth State College is September 21 of each year.

RSA 273-A:11 I(b) provides that "an election may be held not more than 180 nor less than 120 days prior to the budget submission date in the year such collective bargaining agreement shall expire." If the University System were to only have a budget submission date every two years, it would be impossible to have any election in the year when the contract in question in this case expires, namely 1979. This is clearly a result not contemplated by the statute.

The Board, therefore, finds that the petition having been timely filed, and the budget submission date being September 21 in the year the contract expires, namely 1979, that an election is proper. Difficulties in arranging for hearings and the extension granted to the employees earlier makes the holding of such an election within the 120 days prior to the budget submission date impossible. The Board finds, however, that, as with many of the time periods in the statute, the administration of the law must be made to fit its purposes. When there is doubt as to the choice of employees in a bargaining unit as has been raised properly in this case by the petition for decertification, and especially when there is a unit representation for [sic] *which was established prior to the effective date of RSA 273-A:3, and given the special circumstances of this case,* the setting of the election date prior to the 120 days and not the actual election prior to 120 days is found by the Board to be in keeping with the spirit of the law (emphasis added).

A rehearing, requested by the SEA was held on June 4, 1979, and the PELRB "after reconsideration, reaffirmed for the reasons stated in the initial decision."

On June 6, 1979, the SEA filed an application for a "Temporary Restraining Order" with this court. A hearing was expedited, and on June 7, 1979, without prejudice to the parties, we stayed all further proceedings below. *See Rochester School Board v. Pub. Employee Lab. Rel. Board,* 119 N.H. 45, 398 A.2d 823 (1979). The case was briefed on its merits and orally argued on July 10, 1979. This court immediately

vacated its stay order and directed that an election be held within forty-seven days of July 11, 1979.

◼ There is "no doubt that this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *City of Concord v. Pub. Employee Lab. Rel. Board*, 119 N.H. 725, 407 A.2d 363 (1979); *State Employees' Ass'n of N.H., Inc. v. N.H. Pub. Employee Lab. Rel. Board*, 118 N.H. 885, 397 A.2d 1035 (1978).

◼ We have, however, consistently recognized that the legislature has vested the PELRB with authority to define the terms of RSA ch. 273-A and to fill in the "interstices." Although the board's determinations are not controlling, they are nevertheless persuasive, and are considered to be *prima facie* lawful and reasonable, and will be upheld unless they constitute a clear abuse of discretion. *City of Concord v. Pub. Employee Lab. Rel. Board*, 119 N.H. 725, 407 A.2d 363 (1979); *In re Nashua Ass'n of School Principals*, 119 N.H. 90, 398 A.2d 832 (1979); *Keene State College Education Ass'n v. State*, 119 N.H. 1, 396 A.2d 1099 (1979); *State Employees' Ass'n of N.H., Inc. v. Board of Trustees N.H. State Prison*, 118 N.H. 466, 388 A.2d 203 (1978).

◼ The PELRB rulings at issue find adequate support in the record and are in keeping with the spirit of the law. Under the circumstances presented, wherein the public employees had no voice in choosing the SEA as their bargaining representative under RSA ch. 273-A, the PELRB's application of the statute was proper and reasonable. We cannot say that its rulings were erroneous or constituted a clear abuse of discretion.

We hold that the SEA has not met the burden of proof required by RSA 541:13 to set aside the PELRB's decision.

*Appeal dismissed.*

GRIMES, C.J., and KING, J. did not sit; the others concurred.