944

Public Employee Labor Relations Board
No. 80-201

APPEAL OF THE AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO LOCAL 298
(New Hampshire Public Employee Labor Relations Board)

November 16, 1981

*Malloy & Sullivan,* of Manchester (*James J. Barry, Jr.,* on the brief and orally), for the plaintiff Local 298.

*Elmer T. Bourque*, city solicitor (*Charles W. Flower, Jr.*, and *Mr. Bourque* on the brief, and *Mr. Flower* orally), for the defendant, City of Manchester.

BROCK, J.  This is an appeal under RSA 541:6 from a ruling of the Public Employee Labor Relations Board (PELRB) that a distribution of a letter by the Manchester Board of Water Commissioners to its employees concerning a prospective bargaining unit did not constitute an unfair labor practice under RSA ch. 273-A. For reasons that follow, we affirm.

Pursuant to RSA 273-A:10, the PELRB scheduled an election for October 5, 1979, to determine whether or not the employees of the Manchester Water Works wanted the American Federation of State, County and Municipal Employees (AFSCME) as their bargaining agent.

On October 2, 1979, the commission mailed a form letter and a two-page question and answer sheet to all of its employees indicating the commission's opposition to the proposed bargaining unit, AFSCME. Objecting to many of the statements contained in that mailing, AFSCME responded with a letter of its own which it mailed to the employees on October 3, 1979. Because the election was held on October 5, not all of the employees received AFSCME's letter prior to the election. A majority of the employees elected not to designate AFSCME as their bargaining unit, and AFSCME then filed an unfair labor practice complaint, RSA 273-A:5, with the PELRB. It was, and remains, AFSCME's contention that the commission's letter contained several inaccurate statements and violated RSA 273-A:5 I(a) and (b).

Upon hearing, the PELRB found that "[t]he two questions raised by the union as misleading have not been demonstrated to have misled anyone." The PELRB further concluded that any inaccuracies in the commission's letter were "harmless at worst." Following the granting of a petition for rehearing, AFSCME presented additional evidence to the board. The PELRB, however, was of the opinion that none of this evidence was new and reaffirmed its original decision.

On appeal, AFSCME argues that the distribution of the commission's letter and enclosures constituted an unfair labor practice. Specifically, it alleges a violation of RSA 273-A:5, which provides in pertinent part:

"I. It shall be a prohibited practice for any public employer:

(a) To restrain, coerce or otherwise interfere with its

employees in the exercise of the rights conferred by this chapter;

(b) To dominate or to interfere in the formation or administration of any employee organization;

. . . ."

The statute does not expressly forbid communications between a public employer and its employees concerning matters pertaining to employee organizational efforts. Indeed, the federal counterpart to RSA ch. 273-A specifically authorizes an employer to express "any views, arguments or opinion . . ." on such organizational activities provided that such an "expression contains no threat of reprisal or force or promise of benefit." 29 U.S.C. § 158(c). We also must be cognizant of the constitutional provisions that raise the freedom to communicate one's views to the highest level of protection that can be provided. *See State v. Nickerson,* 120 N.H. 821, 824, 424 A.2d 190, 192 (1980); U.S. CONST. amend. I; N.H. CONST. pt. I, art. 22.

■ Against this background, we cannot say that the mailing of the communication itself violated RSA 273-A:5. The mailing did not contain any threats that employees would lose their jobs or be the victims of retaliation by the commissioners. In short, the mere act of communication by an employer with its employees does not result in a per se violation of RSA 273-A:5.

■■ Neither are we persuaded that because the communication was mailed on October 2, three days before the scheduled election, an unfair labor practice results. While it is true that some communications can be subjected to reasonable time, place and manner limitations, *Heffron v. International Soc'y for Krishna Consciousness, Inc.,* 101 S. Ct. 2559, 2563 (1981); *see Schad v. Borough of Mount Ephraim,* 101 S. Ct. 2176, 2186 (1981), the language of RSA 273-A:5 does not provide for any such limitations. Further, AFSCME's contention that it did not have sufficient time to respond to the commission's letter by *mailing* a rebuttal letter is weakened by the PELRB's observation that "there was no evidence that personal delivery to employees or other means of communications were not available [to AFSCME] up to and including the day of election."

■ AFSCME also argues that the PELRB erred in ruling that in order for an employer communication, such as the one involved here, to constitute an unfair labor practice, "it must be established that the statement was illegally applied or intended for illegal reasons." This, AFSCME contends, requires proof of scienter and,

because RSA ch. 273-A requires no such showing, amounts to an error of law. We disagree.

■ While RSA 273-A:5 does not refer to scienter as an element of an unfair labor practice, it does not necessarily follow that the PELRB erred as a matter of law in imposing such a requirement under the circumstances of this case. "We have . . . consistently recognized that the legislature has vested the PELRB with authority to define the terms of RSA ch. 273-A and to fill in the 'interstices.' " *State Employees' Ass'n v. Cheney*, 119 N.H. 822, 826, 409 A.2d 775, 777 (1979). Because the particular act alleged here to be an unfair labor practice involved freedom of speech concerns, and the only issue was the accuracy of the communication, not whether it was threatening or intimidating, we cannot say that the PELRB committed an error of law in inquiring into whether the commission knew that certain statements in its communication were inaccurate or false. Moreover, the PELRB found that the alleged inaccuracies were "harmless at worst."

■■ "Our standard of review for PELRB rulings requires the appealing party to show by a clear preponderance of the evidence that the PELRB's rulings are unjust or unreasonable, or that the PELRB has made an error of law." *Appeal of Keene State College Educ. Ass'n*, 120 N.H. 32, 38, 411 A.2d 156, 161 (1980) (citations omitted). "Although the board's determinations are not controlling, they are nevertheless persuasive, and are considered to be *prima facie* lawful and reasonable, and will be upheld unless they constitute a clear abuse of discretion." *State Employees' Ass'n v. Cheney*, 119 N.H. at 826, 409 A.2d at 777. Finding no such abuse, we hold that AFSCME has not met the requisite burden of proof to set aside the PELRB's decision. *See id.*, 409 A.2d at 777; RSA 541:13.

*Affirmed.*

KING, C.J., and BATCHELDER, J., did not sit; the others concurred.