Board of Tax and Land Appeals
No. 88-314

## APPEAL OF ROBERT A. AND VIRGINIA B. GILLIN
### (New Hampshire Board of Tax and Land Appeals)

October 9, 1989

*Carol A. Rolf*, of Amherst, by brief and orally, for the plaintiff.

*Town of Hollis*, Board of Selectmen, filed no brief.

### MEMORANDUM OPINION

BROCK, C.J.   The taxpayers, Robert and Virginia Gillin, appeal from a decision of the New Hampshire Board of Tax and Land Appeals (board) denying their request for abatement of a portion of the property taxes assessed against their residence in Hollis in 1986. *See* RSA 76:16-a (Supp. 1988). The taxpayers argue, *inter alia*, that the board erred in ruling that they had lost their right to appeal, which is guaranteed by statute. The Town of Hollis has neither filed a brief nor appeared orally in this appeal. For the reasons that follow, we vacate the decision of the board and remand.

In April, 1985, the board ordered the reassessment of all taxable properties within the town of Hollis, to be effective on April 1, 1986. *See* RSA 71-B:16 (Supp. 1988). According to the factual findings of the board, which we must consider as final, RSA 76:16-a, V, the taxpayers "declined to allow inspection of their property despite several requests" by United Appraisal Company, which had been hired to conduct the appraisals. The taxpayers maintained that in January, 1986, their daughter, who was then residing in their home, refused entrance to an individual when he failed to present identification. Subsequently, the taxpayers received notice that their property, as of April 1, 1986, had been appraised at $291,100. The town later reduced this figure to $282,100.

On December 23, 1986, the taxpayers applied to the selectmen for an abatement of a portion of their 1986 taxes on the ground that their property was overassessed by $97,600. One week later, under protest, they paid the taxes due based on the allegedly overassessed value. The selectmen denied the request for abatement on May 27, 1987. The taxpayers then appealed to the board. At the hearing before the board, they argued that they were overassessed compared to twenty-three neighbors and that the proper market value of their property was $182,400. They submitted several recent appraisals of the property, including the board's review appraiser's appraisal of $210,000, and the town's reappraisal of approximately $211,000 for the 1988 tax year. They also submitted, as evidence of value, the sale price of $215,000 for the property, which was sold on August 31, 1987.

On June 28, 1988, the board denied the taxpayers' request for an abatement. It ruled that the taxpayers had "lost their right to appeal their 1986 taxes by their refusal to allow the Town to collect the necessary information for a fair and accurate appraisal." The board further found that the taxpayers were not entitled to an abatement because they had "unclean hands," stating that the assessment, "if erroneous, [was] erroneous because of the Taxpayers' own actions." The board analogized the case to one in which a taxpayer in a town where an inventory is required fails to file an inventory form, stating that in both instances, it is impossible for the town to carry out its appraisal duties properly. *See* RSA 74:7, :7-a.

The taxpayers raise several issues on appeal. Because we hold that the board acted without statutory authority in ruling that the taxpayers had lost their right to appeal, however, we need not address the other issues.

■■■■ "The powers of the board and the rights of taxpayers appearing before the board are entirely statutory and are limited by the terms of the statute." *Appeal of Town of Sunapee*, 126 N.H. 214, 216, 489 A.2d 153, 155 (1985). RSA 76:16-a (Supp. 1988) provides that "any person aggrieved, having complied with the requirements of RSA 74" and certain filing fee and time requirements, may appeal the selectmen's refusal to abate taxes to the board. RSA chapter 74 sets out the requirements for towns which use the inventory form and method of assessment. This method requires a taxpayer to provide information on an inventory form so that the town can make an accurate assessment of the taxpayer's property. Because the town of Hollis does not require the filing of an inventory form, RSA chapter 74 does not apply to the taxpayers, and aside from the filing fee and time requirements, RSA 76:16-a (Supp. 1988) does not limit the taxpayers' right to appeal.

■■■ Furthermore, we find no provision granting the board the power to limit the taxpayers' right to appeal in a no-inventory town, even where they have failed to assist the appraisers in the performance of their duties. The only provision curtailing a taxpayer's right to appeal appears in RSA 74:7-a, I (Supp. 1988), which provides that where an inventory is required, "[a]ny person who fails to file an inventory form and who becomes liable to pay the penalty specified in this section shall lose his right to appeal any matter pertaining to the property tax for which he is liable...." *See Pelham Plaza v. Town of Pelham*, 117 N.H. 178, 180–81, 370 A.2d 638, 640 (1977).

■■■ Accordingly, because RSA 76:16-a (Supp. 1988) grants the taxpayers the right to appeal the selectmen's decision, and because the board has no statutory authority to refuse to consider their timely appeal therefrom, we vacate the decision of the board and remand in order that the board may, on the merits and the record before it, determine the amount of the abatement to which the taxpayers are entitled.

*Vacated and remanded.*

All concurred.