Public Employee Labor Relations Board
No. 2007-112

APPEAL OF STATE EMPLOYEES' ASSOCIATION OF NEW HAMPSHIRE
(New Hampshire Public Employee Labor Relations Board)

Argued: September 19, 2007
Opinion Issued: December 6, 2007

*Nolan Perroni Harrington, LLP*, of Lowell, Massachusetts (*Peter J. Perroni* on the brief and orally), for the petitioner.

*Cook & Molan, P.A.*, of Concord (*Glenn R. Milner* on the brief and orally), for the respondent.

BRODERICK, C.J. The State Employees' Association of New Hampshire, Inc., SEIU Local 1984 (SEA), appeals an order of the New Hampshire Public Employee Labor Relations Board (PELRB) permitting untimely representation elections for two newly certified bargaining units within the New Hampshire Department of Fish and Game (Fish and Game). We affirm.

The record supports the following facts. On September 12, 2006, the New England Police Benevolent Association, Inc., Locals 40 and 45 (NEPBA) filed two "Petition[s] for Certification and/or, in the alternative, Modification of Bargaining Unit" with the PELRB. NEPBA sought to create new bargaining units for certified law enforcement officers working at Fish and Game. One unit was to include rank-and-file conservation officers, while the other would cover conservation officer supervisors. Together, these two groups would include approximately forty individuals; NEPBA did not seek to replace SEA as the representative of the larger bargaining unit covering all other classified Fish and Game employees.

At the time of NEPBA's filing, Fish and Game employees—including the conservation officers—were covered under a collective bargaining

agreement between SEA and the State running from July 1, 2005, through June 30, 2007. SEA has negotiated on behalf of Fish and Game employees since 1976, when the PELRB recognized the union as their representative pursuant to our decision in *State Employees Assoc. v. New Hampshire Public Employee Labor Relations Board*, 116 N.H. 653, 655-56 (1976). In the ensuing thirty-one years, Fish and Game employees have never actually elected the SEA, or any other union, to serve as their representative.

SEA filed timely exceptions to NEPBA's petitions, and a PELRB hearing officer conducted a hearing on the matter on October 9, 2006. Three days later, the hearing officer issued a decision certifying NEPBA's proposed bargaining units, and ordering the question of representation to proceed to an election scheduled for October 27. The hearing officer recognized that Fish and Game's then-pending budget submission date was February 15, 2007, and that the scheduled election would run afoul of the "contract bar rule" set forth in RSA 273-A:11, I(b) (1999). *See Appeal of City of Manchester*, 149 N.H. 283, 286-87 (2003). That rule requires representation elections to occur at least 120 days prior to the employer's budget submission date, *id.*, which in this case was October 18, 2006. Relying upon *State Employees' Assoc. v. Cheney*, 119 N.H. 822, 825-26 (1979), however, the hearing officer waived the October 18 deadline, finding that "[t]he circumstances of this case justify these matters proceeding to election, even if the election takes place beyond the election window." At the election, both the conservation officers and the supervisors voted overwhelmingly to be represented by NEPBA.

On appeal, SEA argues that the PELRB erred by permitting a representation election to occur after the deadline set by the contract bar rule, and seeks to have the results of the October 27 election voided. Our review of the union's appeal is governed by RSA 541:13 (2007). "When reviewing a decision of the PELRB, we defer to its findings of fact, and, absent an erroneous ruling of law, we will not set aside its decision unless the appealing party demonstrates by a clear preponderance of the evidence that the order is unjust or unreasonable." *Appeal of Town of Hampton*, 154 N.H. 132, 134 (2006) (quotation omitted).

RSA 273-A:11, I(b), which governs the timing of representation elections, states:

> Public employers shall extend . . . to the exclusive representative
> of a bargaining unit . . . [t]he right to represent the bargaining
> unit exclusively and without challenge during the term of the
> collective bargaining agreement. Notwithstanding the foregoing,
> an election may be held not more than 180 nor less than 120 days

prior to the budget submission date in the year such collective bargaining agreement shall expire.

We have noted that in accordance with this statute, the PELRB is ordinarily "precluded from entertaining those petitions where a certified representative exists that would violate the contract bar rule by resulting in an election being held within 120 days of the budget submission date." *Appeal of City of Manchester*, 149 N.H. at 287 (discussing contract bar rule during analysis of administrative rules governing elections for non-represented bargaining units).

We have also, however, recognized the authority of the PELRB to schedule a representation election after the deadline established by the contract bar rule. *Cheney*, 119 N.H. at 826; *but cf. Appeal of Somersworth School Dist.*, 142 N.H. 837, 841 (1998) (PELRB generally lacks equity powers unless granted by statute). In *Cheney*, the PELRB had found the following:

> Difficulties in arranging for hearings and the extension granted to the employees earlier makes the holding of such an election within the 120 days prior to the budget submission date impossible. The Board finds, however, that, as with many of the time periods in the statute, the administration of the law must be made to fit its purposes. When there is doubt as to the choice of employees in a bargaining unit as has been raised properly in this case by the petition for decertification, and especially when there is a unit [of] representation . . . which was established prior to the effective date of RSA 273-A:3, and given the special circumstances of this case, the setting of the election date prior to the 120 days and not the actual election prior to 120 days is found by the Board to be in keeping with the spirit of the law.

*Cheney*, 119 N.H. at 825 (quotation and emphasis omitted). On appeal, after noting that "this court is the final arbiter of the intent of the legislature as expressed in the words of a statute," *id.* at 826 (quotation omitted), we affirmed the PELRB's rulings:

> The PELRB rulings at issue find adequate support in the record and are in keeping with the spirit of the law. Under the circumstances presented, wherein the public employees had no voice in choosing the SEA as their bargaining representative under RSA ch. 273-A, the PELRB's application of the statute was proper and reasonable. We cannot say that its rulings were erroneous or constituted a clear abuse of discretion.

> We hold that the SEA has not met the burden of proof required by RSA 541:13 to set aside the PELRB's decision.

*Id.*

■ SEA principally argues that *Cheney* is "easily distinguishable" from the case at hand. We disagree, and find that the facts of this case parallel the legally significant facts in *Cheney*. Both cases involved timely petitions to change the composition of a bargaining unit and the certified representative of that unit. Due to "[d]ifficulties in arranging for hearings," *id.* at 825 (quotation omitted), neither set of petitions could proceed to representation elections until the deadline established by the contract bar rule had passed. Furthermore, in both cases the employees in the proposed bargaining units had never elected the union actually representing them. On such facts, we were satisfied in *Cheney* that the PELRB's scheduling of an election for just under 120 days prior to budget submission was proper; we cannot say that the PELRB's reliance upon that case here was either erroneous or unreasonable. Accordingly, we affirm the board's order.

Nevertheless, we agree with SEA's argument that *Cheney* is "of questionable precedential value today." SEA correctly notes that we have ceased to accord deference to the PELRB's interpretation of the provisions of RSA chapter 273-A, as was the case when we decided *Cheney. Compare Appeal of State of N.H.*, 138 N.H. 716, 719-20 (1994), *with Cheney*, 119 N.H. at 826. Our "unusual" deference to the PELRB on statutory interpretation was justified for a time by "the experimental atmosphere surrounding [RSA chapter 273-A's] passage." *Appeal of State of N.H.*, 138 N.H. at 720. More recently, however, we have routinely held that the PELRB, like other administrative agencies, "[does] not possess the power to contravene a statute." *DeVere v. State of N.H.*, 149 N.H. 674, 677 (2003) (quotation omitted); *see Appeal of Somersworth School Dist.*, 142 N.H. at 840; *see also Appeal of State of N.H.*, 138 N.H. at 720 (twenty years after labor act's passage, continued deference to PELRB's statutory interpretation no longer necessary or desirable).

■ In *Cheney*, the PELRB failed to follow the explicit rule set forth by RSA 273-A:11, I(b). We hold that the *Cheney* decision, which approved of that act under a highly deferential reading of the statute, can now be seen as clearly erroneous. *See State v. Holmes*, 154 N.H. 723, 724 (2007) ("When asked to reconsider a previous holding, the question is . . . whether the ruling has come to be seen so clearly as error that its enforcement [is] . . . doomed." (quotation omitted)). Indeed, the rule of *Cheney*, which is apparently only rarely invoked, is but a "remnant of abandoned doctrine."

*Id.* at 725. We therefore overrule *Cheney* to the extent that the case grants the PELRB authority to waive the contract bar rule. The legislature, of course, may create exceptions to RSA 273-A:11, I(b) if it so desires.

We find, however, that a retroactive application of our holding would lead to a harsh result—namely, the nullification of an otherwise valid representation election—where NEPBA and the PELRB reasonably relied upon our prior ruling. The interests of justice also call for recognition of the expressed will of Fish and Game's conservation officers. Accordingly, our ruling shall apply prospectively, and only to petitions involving the representation of a bargaining unit filed with the PELRB on or after the date of this opinion. *See Lee James Enters. v. Town of Northumberland,* 149 N.H. 728, 729-30 (2003); *Hampton Nat'l Bank v. Desjardins,* 114 N.H. 68, 73 (1974).

*Affirmed.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.